## SUPREME COURT.

LAZARUS MINZESHEIMER and others agt. FERDINAND MAYER
and others.

*Assignment — When its legality to be assumed — What necessary to be shown to justify granting injunction restraining assignee from executing his trusts.*

Unless an assignment for the benefit of creditors is void upon its face, or
the extrinsic facts which go to show its invalidity are most clearly made
out, its legality is to be assumed; and a clear case voiding the assign-
ment should be made out to justify the granting of an injunction
against the assignee restraining him from executing the trusts created
by it.

*Special Term, February*, 1884.

*Otto Hornitz*, for plaintiffs.

*Richard S. Newcombe*, for defendants Mayer and others.

*Stern & Myers*, for James, assignee.

LAWRENCE, *J.* — My examination of the affidavits in this
case has failed to convince me that the assignment which is
attacked by the plaintiffs is void or that such a clear case has
been made out by the plaintiffs as to justify the granting of an
injunction against the assignee restraining him from executing
the trusts created by the assignment. Most of the alleged
declarations of the assignor set forth in the moving affidavits
were made after the execution of the assignment and could not
be admitted in evidence upon the trial of the action even if
they were true (*Ogden* agt. *Peters*, 15 *Barb.*, 560; *Hanna* agt.
*Curtis*, 1 *Barb. Ch.*, 263; *Peck* agt. *Crouse*, 46 *Barb.*, 151;
*Cuyler* agt. *McCartney*, 40 *N. Y.*, 221).

The allegations in the moving affidavits which are designed
to show that such declarations were made appear to be fully
met and answered in the defendants' affidavits, and as the
burden of proof is upon the plaintiff I do not think that in a

Minzesheimer agt. Mayer.

case of this magnitude a court should interfere and tie up the large amount of property which has been transferred to the assignee for the benefit of creditors.

Indeed, the preponderance of evidence on this point is, I think, entirely in favor of the defendants. So, too, with respect to the allegations in regard to the alleged preferences of fictitious debts. Those allegations are met and controverted by the affidavits of the assignors and Burke.

The alleged fraudulent transfer of specific property to M. Feuchtwanger & Co. is, I think, shown by the defendants' affidavits to have been an honest and fair transaction. Annexed to the affidavit of Ferdinand Mayer, is a copy of the check of M. Feuchtwanger & Co. for $15.000. This check was paid and the money realized from it was the loan to secure which the goods are alleged to have been fraudulently transferred to M. Feuchtwanger & Co.

Notwithstanding the criticism made in the plaintiffs' affidavits upon the depreciation in the value of his property, stated by the defendant to have taken place in so short a time, I am satisfied that the transaction cannot be challenged upon this motion, and that the goods were no more than an adequate security for the *bona fide* loan made by Feuchtwanger & Co. to the assignors. So far as I am able to determine, the only specific allegation of the concealment of property by the assignors is that which relates to the $15.000 worth of goods which is above adverted to. If that transaction was a fair one, as on the preponderance of evidence now before me, it seems to have been, the plaintiffs fail upon this branch of their case. As to the general allegations of concealed property, it is only necessary to say that they form no ground for issuing a preliminary injunction. If an injunction were to be granted by the court upon such allegations alone, it would be possible in almost every case for the creditor who was dissatisfied with the provisions of the assignment to tie the hands of the assignee to the great detriment and injury of the general creditors of the assignors.

The allegations in reference to the division of fees by the original assignee, and in respect to the threat that said assignee would not pay over the property which. had come into his possession to the substituted assignee until he had fully accounted, in pursuance of the requirements of the order of the court of comon pleas, are most explicitly denied by the original assignee, and also by Mr. James, the substituted assignee.

Neither do I find that the plaintiff has made out upon the evidence laid before me that there are any preferences in the assignment in excess of the actual indebtedness to the parties preferred in the assignment.

The affidavit of Burke is explicit upon the point that the indebtedness to him was not paid prior to the assignment, and also to the effect that the preferences to him in the assignment are not in excess of the actual indebtedness of the assignors to him. Mr. Rosenberg also shows in his affidavit that the assignors were in fact indebted to the firm of Rosenberg & Co. in the sum of $2,500 in excess of the sum for which said firm was preferred. Mr. Pomeroy also shows that his firm are creditors of the assignors for at least $14,000 over and above the amount for which the firm of Pomeroy & Plumber were preferred by the assignors, and that his firm's claim, for which judgments are entered, is for about $192,000, in addition to which he alleges that he, as an individual, is a creditor of the assignors in the sum of $60,000, and that neither he nor his firm are preferred for the full amount of their claims.

On the whole case I am of the opinion that I ought not continue the injunction heretofore granted herein. In arriving at this conclusion I am not unmindful of the points which have been presented with so much earnestness by the learned counsel for the plaintiffs in the elaborate brief presented upon the argument of the motion. It may be, and is perhaps true, that it is not equitable to permit an insolvent debtor to single out certain persons from the mass of his creditors and prefer their debts. But the law permits such preferences. Unless

such an assignment is void upon its face or the extrinsic facts which go to show its invalidity are most clearly made out, its legality is to be assumed. As I have already stated the extrinsic facts upon which the plaintiffs rely to establish that the assignment is void as to creditors are so comprehensively met and denied by the affidavits and answers read on the part of the defendants, that the plaintiffs do not suceed in bringing themselves within this rule.

For these reasons I am of the opinion that the motion to continue the injunction should be denied, with costs.